```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

JAMAAL ALI BILAL,

       Plaintiff,

v.                                  Case No: 2:16-cv-799-FtM-29CM

FNU FENNICK, FNU CLARKE,
MARK SNYDER, FNU MECHELIS
and RICK SLOAN,

       Defendants.
```

**ORDER**

This matter comes before the Court upon review of Plaintiff, Jamaal Ali Bilal's, a civil detainee at the Florida Civil Commitment Center (FCCC) in Arcadia, Florida,[1] Motion for Relief

---

[1] The Florida legislature enacted the Sexually Violent Predators Act, Fla. Stat. §§ 394.910-.913, by which a person determined to be a sexually violent predator is required to be housed in a secure facility "for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." Fla. Stat. § 394.917(2). The Act was promulgated for the dual purpose "of providing mental health treatment to sexually violent predators and protecting the public from these individuals." Westerheide v. State, 831 So. 2d 93, 112 (Fla. 2002); Kansas v. Hendricks, 521 U.S. 346 (1997) (holding that the Kansas Sexually Violent Predator Act did not establish criminal proceedings, and involuntary confinement pursuant to the Act was not punitive). Civil commitment under the Act involves several steps. First, the Act requires a mental evaluation of any person who has committed a sexually violent offense and is scheduled for release from prison or involuntary confinement. See generally Fla. Stat. § 394.913. The evaluation is conducted by a multi-disciplinary team of mental health professionals who must determine whether the individual meets the definition of a

of Order construed as a Motion for Reconsideration (Doc. #7), filed on December 5, 2016. No response in opposition has been filed.

Bilal filed a four count Complaint (Doc. #1) on October 28, 2016, alleging: Count I, Defamation of Character and False Imprisonment by Captain Fennick; Count II, Illegal Search and Seizure by Clarke and Mechelis; Count III, Religious Discrimination by Chaplain Sloan; and Count IV, Illegal Confiscation of Flash Drives and MP3 Player by Defendant Synder. Bilal also filed a Motion to Proceed In Forma Pauperis (IFP) (Doc. #2) on the same day.

On November 21, 2016, the District Court denied Bilal's Motion to proceed IFP relying on a Filing Injunction entered against Bilal by the United States District Court for the Northern District of Florida enjoining him from proceeding IFP.[2] Although the Filing

---

"sexually violent predator." After the evaluation, the state attorney may file a petition with the circuit court alleging that the individual is a sexually violent predator subject to civil commitment under the Act. Id. If the judge determines the existence of probable cause that the individual is a sexually violent predator, then he or she will order the individual to remain in custody. Id. at § 394.915. Thereafter, a jury trial, or a bench trial if neither party requests a jury trial, will commence. Id. If the jury finds the individual to be a sexually violent predator by clear and convincing evidence, then the individual will be committed to the custody of the Department of Children and Family Services for "control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." Id. at § 394.917.

[2] The injunction at issue was originally filed in N.D. Fla.

Injunction was issued by the District Court for the Northern District of Florida, it has been recognized by this Court. (Doc. #6, at 2). The Filing Injunction states, "[l]eave to proceed in forma pauperis will not be granted unless the magistrate judge determines that plaintiff has credibly alleged that he is in imminent danger of serious physical injury." (Doc. #1, Appendix One, at 1).

In denying Bilal's Motion to proceed IFP, this Court held that his "[c]omplaint alleges a litany of constitutional violations stemming from Plaintiff's civil confinement at the FCCC. The Complaint is devoid of any allegations that Plaintiff is in imminent danger of serious physical injury." (Doc. #6, at 2). Bilal now moves the Court to reconsider its Order enforcing the Filing Injunction.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. Carter v. Premier Restaurant Management, 2006 WL 2620302 (M.D. Fla. Sept. 13, 2006) (citing Am. Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the

---

Bilal v. Moore, 3:99-cv-456-LAC-SMN.

3

controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Susman v. Salem, Saxon & Meilson, P.A._, 153 F.R.D. 689, 904 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." Paine Webber Income Props. Three Ltd. Partnership v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Carter, 2006 WL 2620302 at *1 (citing Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Auth., 814 F. Supp. 1072, 1072-1073 (M.D. Fla. 1993)). A motion for reconsideration does not provide an opportunity to simply reargue—or argue for the first time—an issue the Court has already determined. Carter, 2006 WL 2620302 at *1. The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Id. (citing Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. School Bd. of Hillsboro County, Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." Carter, 2006 WL 2620302 at *1.

As grounds to reconsider the Court's Order denying him IFP because of the Filing Injunction, Bilal avers that he was a prisoner in the Department of Corrections at the time the Filing Injunction was issued, and claims the Filing Injunction no longer applies to him because now he is a civil detainee.

Bilal's argument lacks merit. According to the District Court for the District of Northern Florida, Bilal was a civil detainee at the FCCC when the Filing Injunction was issued. In the Order issuing the Filing Injunction, the Court expressly recognized that Plaintiff was "no longer a prisoner, but rather a civil detainee[.]"<u>Bilal v. Moore</u>, 3:99-cv-456-LAC-SMN, (Doc. #3, at 3). The Court continued that had Bilal been a prisoner, 28 U.S.C. § 1915(g) would have precluded him from filing civil cases <u>in forma pauperis</u> absent a showing of imminent danger, and a civil filing injunction would have been unnecessary. <u>Id.</u> Thus, the Motion to Reconsider the Order denying Bilal IFP because of the Filing Injunction is due to be denied.

Further, in its November 21, 2016 Order, the District Court directed Bilal to pay the Court's filing fee of $400.00 on or before December 7, 2016, or have his case dismissed. To date Bilal has not paid his $400.00 filing but instead filed the instant Motion.

ACCORDINGLY, it is hereby

5

**ORDERED:**

Plaintiff, Jamaal Ali Bilal's Motion for Relief of Order (Doc. #7) is **DENIED**. Bilal has up to and including **May 5, 2017**, to pay the $400.00 filing fee. Failure to comply with this Order will result in his case being dismissed without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida on this   20th   day of April, 2017.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Jamaal Ali Bilal
Counsel of record
SA: FtMP-2

6