```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JAMAAL ALI BILAL, fka John
L. Burton, aka Superman,

    Plaintiff,

v.    Case No: 2:16-cv-799-FtM-29CM

FNU FENNICK, Captain, FCCC
Shift Supervisor, FNU
CLARKE, C.O., MARK SNYDER,
FCCC Investigator, FNU
MECHELIS, C.O., and RICK
SLOAN, Chaplain,

    Defendants.

## ORDER

This matter comes before the Court on pro se Plaintiff's Motion for a Temporary Restraining Order (TRO)(Doc. #27) filed on November 29, 2018, and Declaration of Support (Doc. #28) filed on November 29, 2018. Plaintiff is currently a civil detainee at the Florida Civil Commitment Center (FCCC) in Arcadia, Florida. The Court reviewed the Motion when it was first filed and determined that it was not an urgent matter. The case was also on appeal with the Eleventh Circuit, and this Court lacked jurisdiction to rule on the TRO until the Eleventh Circuit issued mandate. Mandate has now been issued (Doc. #29), and the Court will now address the TRO.

**I.**

Plaintiff was placed on law library restrictions restricting his access to copier equipment to Mondays and Wednesdays between 11:15am and 11:30am. On November 5, 2018, he alleges that he was assaulted by FCCC security personnel as he was attempting to use the computer lab at the facilities law library. Plaintiff claims that Captain Carner informed the security personnel escorting him to the computer lab that if he said anything to Ms. Fitzpatrick to "take his ass to Lakes." (Doc. #28 at 3). Plaintiff states that he did not say a word to Fitzpatrick but as soon as he sat down, Officer Lavine told him to get up "you're going to Lakes." Id. According to Plaintiff, the security personnel slammed his forehead down, cuffed him, and took him to Lakes.

**II.**

The issuance of a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of [four] prerequisites. Bloedorn v. Grube, 631 F.3d 1218, 1229 (11th Cir. 2011)(citations omitted); see also SunTrust Bank v. Houghton Mifflin Co., 252 F.3d 1165, 1166 (11th Cir. 2001), reh'g and reh'g en banc denied, 275 F.3d 58 (11th Cir. 2001); Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003); McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). The four prerequisites for a preliminary

injunction are: (1) a substantial likelihood of succeeding on the merits; (2) a substantial threat of irreparable injury if relief is denied; (3) an injury that outweighs the opponent's potential injury if relief is not granted; and (4) an injunction would not harm or do a disservice to the public interest.  Bloedorn, 631 F.3d at 1229; Four Seasons Hotels & Resorts, 320 F.3d at 1210; SunTrust Bank, 252 F.3d at 1166; American Red Cross v. Palm Beach Blood Bank, Inc., 143 F.3d 1407, 1410 (11th Cir. 1998); Gold Coast Publications v. Corrigan, 42 F.3d 1336, 1343 (11th Cir. 1994), cert. denied, 516 U.S. 931 (1995).  The burden of persuasion for each of the four requirements is upon the movant.  Siegel v. Lepore, 234 F.3d 1163, 1176 (11th Cir. 2000)(en banc).  Further, under Local Rule 4.05(a), "[s]uch orders will be entered only in emergency cases to maintain the status quo until the requisite notice may be given and an opportunity is afforded to opposing parties to respond to the application for a preliminary injunction."[1]  Additionally, the movant is required to:

---

[1] Under Local, "The brief or legal memorandum submitted in support of the motion must address the following issues:  (i) the likelihood that the moving party will ultimately prevail on the merits of the claim; (ii) the irreparable nature of the threatened injury and the reason that notice cannot be given; (iii) the potential harm that might be caused to the opposing parties or others if the order is issued; and (iv) the public interest, if any."  M.D. Fla. R. 4.05(b)(4).  The Local Rule also requires that a party applying for a preliminary injunction must also address these four factors in a brief or legal memorandum.

specifically describe the conduct sought to be enjoined; provide sufficient factual detail so that the Court can determine the appropriate amount of security which must be posted by the movant; accompany the motion with a proposed form order; and, attach a supporting legal memorandum.  M.D. Fla. R. 4.06(b)(3).

### III.

In the instant motion, to the extent discernable, Plaintiff requests the Court to issue an "emergency injunction . . . or [TRO]" to waive security at the FCCC because they are barring his access to courts.  He alleges that GEO lost its contract with Florida's Department of Children and Families (DCF) to operate the FCCC because of writ writers like himself and now they are out to harm him.  Plaintiff states that he is being subjected to excessive force because he prevailed on his appeal with the Eleventh Circuit and that he will suffer more abuse without a TRO.  Plaintiff also argues that his unjustified confinement in a civil mental hospital is unconstitutional.

**(a) Substantial Threat of Irreparable Injury**

Plaintiff has not established the four prerequisites mandated by the Eleventh Circuit to warrant the issuance of either a TRO or preliminary injunctive relief.  Specifically, Plaintiff fails to establish the second prerequisite establishing a substantial threat of irreparable injury if the relief is denied.  While Plaintiff argues that he is suffering irreparable harm in the form

of continued threats, mental pain, and suffering, Plaintiff has not demonstrated a threat of an immediate and irreparable injury or loss. Plaintiff claims that he was assaulted on November 5, 2018, but did not file for a TRO until November 29, 2018, three weeks after the event occurred. Notably, Plaintiff has not reported any further incidents from the time of the alleged November 5, 2018 assault until he filed his motion for a TRO. Plaintiff provides only generalized conclusory allegations that he is danger from the FCCC's security staff without facts to support those allegations. See Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir.) (per curiam), cert. denied, 534 U.S. 1072 (2001). Wall v. Ferrero, 142 F. App'x 405 (11th Cir. 2005). Thus, Plaintiff has failed to establish a substantial threat of irreparable injury if his TRO is denied.

**(b) Waive Security**

Plaintiff also moves the Court to waive security at the FCCC because not doing so bars poor people from access to courts. Plaintiff essentially complains that the manner in which officials ensure security at the FCCC is excessive. It is not clear on what basis Plaintiff claims these conditions violate Plaintiff's right to access to courts under federal law. The manner in which officials "ensure the security of the detention facility, its employees and [other residents], does not deprive Plaintiff of any right, privilege or immunity secured by the Constitution or the

laws of the United States." <u>Henry v. Covington County</u>, 2:05-cv-375TWO, 2005 WL 1268263 (M.D. Ala. May 27, 2005).

**(c) Unconstitutional detention**

Plaintiff also argues that his unjustified confinement in a civil mental hospital is unconstitutional. A constitutional violation due to a wrongful civil commitment is better suited for a petition for writ of habeas corpus and not for a TRO.

Accordingly, it is hereby

**ORDERED:**

Pro Se Plaintiff's Motion for a Temporary Restraining Order (Doc. #27) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __2nd__ day of January, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
All Parties of Record
SA: FTMP-2